MICHAEL E. BREWER, Bar No. 177912
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

MICHAEL G. LEGGIERI, Bar No. 253791
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Facsimile: 916.848.0200

Attorneys for Defendant
ADVANCED CALL CENTER TECHNOLOGIES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DEVRA KEOKONGCHACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC, and DOES 1-50, inclusive.<br><br>Defendants. | Case No. 2:13-CV-01385 TLN (AC)<br><br>**STIPULATED PROTECTIVE ORDER** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER

13cv1385

Defendant Advanced Call Center Technologies, LLC ("Defendant") and Plaintiff Devra Keokongchack ("Plaintiff") (collectively referred to as the "Parties"), by and through their respective counsel of record, hereby submit this Stipulated Protective Order ("Protective Order"):

**Good Cause Statement**

1. This litigation may require disclosure of what Defendant considers private and/or confidential information regarding Defendant's current and/or former employees, such as information about employees' pay, contact information, and/or performance histories. In addition, Defendant anticipates that Plaintiff may request, and Defendant may need to produce, documents that contain what Defendant considers trade secret and/or business confidential information involving Defendant's business policies and practices that would likely cause significant harm to Defendant if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order that will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential, and/or trade secret information. The purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation. Any breach of this Protective Order may be addressed by appropriate motion to the Court, seeking any remedy otherwise available by law or in equity. It is expressly understood by and between the Parties that in producing Confidential Information in this litigation, the Parties are relying upon the terms and conditions of this Protective Order.

**Definitions And Designation**

2. "Confidential Information" means any information contained in a document that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to: (a) confidential or sensitive company proprietary business information, the disclosure of which would create a substantial risk of serious, irreparable financial or other injury, and such risk cannot be avoided by less restrictive means; and (b) information about current, past or prospective employees that is of a confidential or private nature, including wage information and job performance-documentation. However, to the extent that wage information and job performance documentation is redacted so that the identity of the individual to whom it applies is concealed, such

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER      2.                                                                      13cv1385


information does not need to be filed under seal as discussed in paragraphs 17 and 18, below.

3. Stamping "Confidential" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party. Such designation shall not obscure or interfere with the legibility of the designated Confidential Information. Marking or stamping "Confidential Information" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information.

4. Any party that designates material as Confidential Information must take care to limit any such designation to specific material that qualifies under the appropriate standards and, where appropriate, must designate as Confidential Information only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated as Confidential Information. Mass, indiscriminate, or routinized designations of material as Confidential Information are prohibited, and designations that are shown to be clearly unjustified or that have been made for an improper purpose (*i.e.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the party making such designations to sanctions.

**Access to Confidential Information**

5. Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; vendors, copying services, and contractors; Righetti Glogoski, P.C., Jones Law Firm, Zachary Crosner, and Littler Mendelson PC and those firms' respective partners, shareholders, associates, paralegals, clerks, and employees involved in the conduct of this litigation or who are acting as corporate representatives in the litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

a. Current or former employees of Defendant who may serve as witnesses, but only to

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER                3.                                         13cv1385

the extent that the Confidential Information is directly related to their expected testimony;

b. Plaintiff Devra Keokongchack and any other named plaintiff that may be added to the litigation;

c. Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

d. Actual or prospective experts or consultants, and their staff and personnel, who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

e. Mediators used to try to resolve the action;

f. Any other person ordered by the Court or with the prior written consent of the designating party.

6. Prior to reviewing any Confidential Information, any person who falls within a category identified in Paragraph 5(a)-(f) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A.

7. The parties shall retain copies of any executed non-disclosure agreements until the end of the action. In the event of a possible violation of this protective order while this action is pending, a party may, upon meeting and conferring in good faith with the other party, request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending. No more than sixty (60) calendar days after the end of litigation in the action, the party who received the Confidential Information shall provide copies of all executed non-disclosure agreements to the party who produced the Confidential Information.

8. The action is at an end when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER    4.    13cv1385

1  expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d)
2  any post appeal proceedings have concluded.

### Use Of Confidential Information

4  9.  Confidential Information shall be used solely and exclusively for investigation of
5  Plaintiff's and putative class member claims in this lawsuit, preparing for, attempting to settle, and
6  prosecuting this case, including the claims brought on behalf of the named plaintiff and putative
7  class members in this case, pending the completion of the judicial process, including appeal.
8  Confidential Information cannot be used for any other purpose in any other matter or proceeding for
9  any reason whatsoever.

10  10.  Nothing in this protective order shall restrict any party's counsel from giving advice
11  to its client with respect to this action and, in the course thereof, relying upon Confidential
12  Information and, provided that in giving such advice, counsel shall not disclose the other party's
13  Confidential Information other than in a manner expressly provided for in this protective order.

14  11.  Testimony taken at a deposition that involves Confidential Information must be
15  designated as "Confidential" by making a statement to that effect on the record at the deposition and
16  identifying the specific testimony or items claimed to be Confidential Information.  Arrangements
17  shall be made with the deposition reporter taking and transcribing information designated as
18  Confidential to bind separately such portions of the deposition transcript, and/or to label such
19  portions appropriately.  If any portions of the deposition transcript and/or video or audio versions of
20  the depositions contain Confidential Information, or references thereto, they must be filed with the
21  Court in compliance with this protective order.

22  12.  A copy of the protective order shall be attached as an exhibit to the deposition
23  transcript and the court reporter shall be subject to the protective order and precluded from providing
24  the original or copies of portions of the deposition transcript that contain Confidential Information,
25  to any persons or entities other than counsel of record in the action.  The portions of any audiotape
26  and/or videotape containing Confidential Information from said deposition shall also be subject to
27  this protective order.  The deposition videographer shall be subject to this protective order and
28  precluded from providing portions of the original deposition videotape containing Confidential

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER            5.                                                13cv1385

1  Information to any persons or entities other than counsel of record. Any audiotape containing
2  Confidential Information shall also be subject to this protective order and all persons shall be
3  precluded from providing the original deposition audiotape or portions of the audiotape, to any
4  persons or entities other than counsel of record in the action.

5       13. Only individuals permitted access to Confidential Information shall attend any
6  deposition where Confidential Information is used. Individuals attending any depositions containing
7  Confidential Information shall not disclose to any person any statements made by deponents at
8  depositions that reference Confidential Information unless that person is independently allowed
9  access to the information. Nothing in this protective order gives any individual the right to attend a
10 deposition that they would not otherwise be entitled to attend.

**No Waiver And Challenges to Designation**

12      14. Whether or not any evidence or testimony is, in fact, designated as "Confidential"
13 shall not be conclusive of whether it is lawfully entitled to trade secret or other confidentiality
14 protections, and the failure to make such a designation shall not constitute a waiver of any such
15 protections.

16      15. By entering into this protective order, the parties do not waive any right to challenge
17 whether any material designated or not designated as Confidential Information is properly
18 designated or not designated as such, and do not waive the right to challenge at any hearing, trial or
19 other proceeding whether such information is, in fact, confidential or private. Unless a prompt
20 challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness;
21 unnecessary economic burdens; or a significant disruption or delay of the litigation; a party does not
22 waive its right to challenge a confidentiality designation by electing not to mount a challenge
23 promptly after the original designation is disclosed.

24      16. The burden of persuasion in any proceeding challenging the designation of any
25 material as Confidential Information shall be on the party making the designation. Frivolous
26 challenges, and those made for an improper purpose (*i.e.*, to harass or impose unnecessary expenses
27 and burdens on other parties) may expose the party making the challenge to sanctions. In the event
28 of a challenge to the designation of material as Confidential Information, the designating party shall

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER      6.      13cv1385

1  agree to de-designate the Confidential Information or, after meeting and conferring with the
2  objecting party, and no later than 35 days after the objection is received, shall file a motion to uphold
3  the designation.  Failure to bring such a motion within 35 days of receipt of the objection shall result
4  in the de-designation of the Confidential Materials.  Pending the resolution of such motion, the
5  parties shall continue to treat the challenged materials as Confidential Information until the court
6  rules on the challenge.

### Filing Under Seal And Handling At Hearings And Trial

8   17.   With regard to any Confidential Information to be filed with the Court, any party
9  seeking to file such documents shall apply to do so under seal, in accordance with Federal Rules of
10 Civil Procedure 5.2 and 26, and Eastern District Local Rule 141.

11   18.   Should the need arise to offer testimony at a hearing or trial to present evidence
12 marked as Confidential that cannot be addressed through sealing the evidence, the parties will work
13 in good faith to reach an agreement to use a redacted version of the evidence.  If they cannot reach
14 an agreement, then the designating party will be allowed an opportunity to seek an appropriate court
15 order to appropriately restrict what Confidential Information becomes public.  Nothing shall
16 prejudice any parties' rights to object to the introduction of any Confidential Information or into
17 evidence, on grounds, including, but not limited to, relevance and privilege.

### Inadvertent Failure To Designate

19   19.   If, through inadvertence, any party produces or offers as testimony any Confidential
20 Information without labeling it or otherwise designating it as such, the producing party may, at any
21 time, give written notice designating such information as Confidential Information.

### Clawback Provisions

23   20.   The parties also wish to protect certain privileged and work product documents,
24 information, and electronically stored information against claims of waiver in the event they are
25 produced during the course of this litigation, whether pursuant to a Court order, a discovery request
26 or informal production.

27   21.   The inadvertent production of any document in this action shall be without prejudice
28 to any claim that such material is protected by any legally cognizable privilege or evidentiary

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER         7.                                    13cv1385

1  protection including but not limited to the attorney-client privilege and/or the work product doctrine,
2  and no party shall be held to have waived any rights by such inadvertent production.

3  22.  If any document produced by another party is on its face subject to a legally
4  recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading
5  the document any more closely than is reasonably necessary to ascertain that it is privileged or
6  protected; (b) promptly notify the producing party in writing that it has discovered documents
7  believed to be privileged or protected; (c) specifically identify the documents by Bates number range
8  or other identifying information; and (d) return all hard and soft copies of the documents and, where
9  the documents have been transferred or stored electronically, delete the documents from the devices
10 on which they are or were stored or accessed or otherwise make them inaccessible. The steps in this
11 paragraph shall be completed within seven (7) days of discovery by the receiving party. The
12 producing party shall preserve all document(s) returned under this paragraph until the parties agree
13 that there is no dispute about the privileged and/or work product nature of the document(s) or, if
14 there is a dispute, until the dispute is resolved. Notwithstanding the provisions of this paragraph, the
15 receiving party is under no obligation to search or review the producing party's documents to
16 identify potentially privileged or work product protected documents.

17 23.  Upon written notice of an unintentional production by the producing party or oral
18 notice if notice is delivered on the record at a deposition, the receiving party must promptly return all
19 hard and soft copies of the specified document(s). Where the document(s) have been transferred or
20 stored electronically or are themselves privileged or attorney work product protected, the receiving
21 party must delete the documents from the devices on which they are or were stored or accessed or
22 otherwise make them inaccessible to the receiving party.

23 24.  To the extent that the information contained in a document subject to a claim has
24 already been used in or described in other documents generated or maintained by the receiving party,
25 then the receiving party must delete and/or render inaccessible those portions of the document that
26 refer to the privileged and/or work product information. If the receiving party disclosed the
27 specified document(s) before being notified of its inadvertent production, it must take reasonable
28 steps to retrieve the document(s). The receiving party shall have fourteen (14) days from receipt of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER                    8.                                         13cv1385

Case 2:13-cv-01385-TLN-AC   Document 13   Filed 10/23/13   Page 9 of 14

notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

25. The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the producing party failed to take reasonable steps to rectify the error.

26. The parties shall meet and confer within seven (7) days from the receipt of the objection notice in an effort to resolve the situation by agreement. If an agreement is not reached, the receiving party may file an appropriate motion within 60 days from receipt of the objection notice and, as part of that motion, request that the producing party submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection except where such a submission would violate existing law. Any party may request expedited treatment of any request for the Court's determination of the claim.

### Termination Of Case

27. The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

28. Within sixty (60) business days of the termination or settlement of this action, each party must return, make available for pick-up, or destroy Confidential Information received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information. Where Confidential Information has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party. Notwithstanding these provisions, that counsel of record for the parties may retain an archival copy

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER   9.   13cv1385

1  of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

2  correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and

3  expert work product, and those copies of any part of the Confidential Information that have become

4  part of the official record of this litigation and may retain abstracts or summaries of such materials,

5  which contain counsel's mental impressions or opinions.  Such information shall remain subject to

6  the terms of this protective order.

7      29.  Upon returning to the other side all Confidential Information and/or deposition

8  testimony or upon destroying such information, the returning party must also execute and furnish the

9  Certificate of Surrender and Deletion of Confidential Information in the form set forth in Attachment

10  B.

11  **Miscellaneous Provisions**

12      30.  The parties expressly agree that, by entering into this protective order, they do not

13  waive any objections to any discovery requests and, further, that they do not agree to the production

14  of any information or documents, or type or category of information or documents.

15      31.  This protective order is subject to modification by stipulation of the parties.  The

16  Court may modify the terms and conditions of this protective order for good cause, or in the interest

17  of justice, or on its own order at any time in these proceedings.  The parties request that the Court

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER   10.   13cv1385

provide them with notice of the Court's intent to modify the protective order and the content of those modifications, prior to incorporation of such modifications.

**IT IS SO STIPULATED.**

Dated: October 14, 2013

BY: /s/ *Michael G. Leggieri*
MICHAEL G. LEGGIERI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ADVANCED CALL CENTER
TECHNOLOGIES, LLC

Dated: October 14, 2013

BY: /s/ *Charles A. Jones* [with permission]
CHARLES A. JONES
JONES LAW FIRM
Attorneys for Plaintiff
DEVRA KEOKONGCHACK

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER    11.                13cv1385

## **[PROPOSED] ORDER**

Upon review of the Parties' Stipulated Protective Order and upon a finding of good cause, it is hereby ordered that the foregoing Protective Order is approved and the Parties are ordered to act in compliance therewith.

**IT IS SO ORDERED**.

Dated: October 22, 2013

                                                                      _____
                                                                      ALLISON CLAIRE
                                                                      UNITED STATES MAGISTRATE JUDGE

/mb;keok1385.po

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER        12.                                                        13cv1385

# ATTACHMENT A

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

1. I have had the opportunity to review the protective order in this action, and I agree that I am one of the following: (a) a current or former employee of Advanced Call Center Technologies, LLC who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a named plaintiff to the action; (c) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (e) a mediator used to try to resolve the action; or (f) a person who the parties to the action have agreed in writing may receive Confidential Information, or a person who was ordered by the Court to receive Confidential Information.

3. I agree not to disclose any of the Confidential Information to any third person and further agree that my use of any Confidential Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

4. By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of the United States District Court for the Eastern District of California, to enforce the terms of this Agreement.

Dated: _____

Signature: _____

Print Name: _____

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          13.                              13cv1385

# ATTACHMENT B

**CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL INFORMATION**

The undersigned hereby represents that, pursuant to the terms of the Protective Order, all Confidential Information within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy, or destroyed. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____

Signature: _____

Print Name: _____

Firmwide:123026581.1 073504.1003

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER   14.   13cv1385