1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DEVRA KEOKONGCHACK,                No.  2:13-cv-1385-TLN-AC
     individually and on behalf of
12   all others similarly
     situated,
13                                      PRETRIAL SCHEDULING ORDER
                 Plaintiff,
14
          v.
15
     ADVANCED CALL CENTER
16   TECHNOLOGIES, LLC.,

17               Defendant.

18

19        After reviewing the parties' Joint Status Report, the Court

20   makes the following Pretrial Scheduling Order.

21        I.    SERVICE OF PROCESS

22        All named Defendants have been served and no further service

23   is permitted without leave of court, good cause having been

24   shown.

25        II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

26        No joinder of parties or amendments to pleadings is

27   permitted without leave of court, good cause having been shown.

28   ///

                                    1

1

III.   JURISDICTION/VENUE

2

Jurisdiction is predicated upon **28 U.S.C. sections 1332(d)**

3

**and 1446.**   Jurisdiction and venue are not contested.

4

**PHASE I - CLASS CERTIFICATION**

5

6

IV.   CLASS CERTIFICATION

7

The Plaintiff's motion for class certification shall be

8

filed by **July 31, 2014.**   Defendant's opposition shall be filed by

9

**September 18, 2014.**   Plaintiff's reply shall be filed by

10

**October 16, 2014.**   The Class Certification Hearing is set for

11

**November 6, 2014, at 2:00 p.m.**

12

**PHASE II**

13

14

V.   DISCOVERY

15

All discovery, with the exception of expert discovery, shall

16

be completed by **July 30, 2015.**   In this context, "completed"

17

means that all discovery shall have been conducted so that all

18

depositions have been taken and any disputes relative to

19

discovery shall have been resolved by appropriate order if

20

necessary and, where discovery has been ordered, the order has

21

been obeyed.   All motions to compel discovery must be noticed on

22

the magistrate judge's calendar in accordance with the local

23

rules of this Court.

24

VI.   DISCLOSURE OF EXPERT WITNESSES

25

All counsel are to designate in writing, file with the

26

Court, and serve upon all other parties the name, address, and

27

area of expertise of each expert that they propose to tender at

28

2

trial not later than **September 30, 2015**.[1]  The designation shall

be accompanied by a written report prepared and signed by the

witness.  The report shall comply with Fed. R. Civ. P.

26(a)(2)(B).

Within thirty (30) days after the designation of expert

witnesses, any party may designate a supplemental list of expert

witnesses who will express an opinion on a subject covered by an

expert designated by an adverse party.  The right to designate a

supplemental expert for rebuttal purposes only shall apply to a

party who has not previously disclosed an expert witness on the

date set for expert witness disclosure by this Pretrial

Scheduling Order.

Failure of a party to comply with the disclosure schedule as

set forth above in all likelihood will preclude that party from

calling the expert witness at the time of trial.  An expert

witness not appearing on the designation will not be permitted to

testify unless the party offering the witness demonstrates: (a)

that the necessity for the witness could not have been reasonably

anticipated at the time the list was proffered; (b) that the

Court and opposing counsel were promptly notified upon discovery

of the witness; and (c) that the witness was promptly made

available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert"

is any person who may be used at trial to present evidence under

Rules 702, 703, and 705 of the Federal Rules of Evidence, which

include both "percipient experts" (persons who, because of their

---

[1] The discovery of experts will include whether any motions based on
Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or
Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

VII.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **January 14, 2016**.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

1            (a)   The opposition and reply must be filed by 4:00

2                  p.m. on the day due; and

3            (b)   When the last day for filing an opposition brief

4                  falls on a legal holiday, the opposition brief

5                  shall be filed on the last court day immediately

6                  preceding the legal holiday.

7    Failure to comply with Local Rule 230(c), as modified by this

8    order, may be deemed consent to the motion and the court may

9    dispose of the motion summarily.  Further, failure to timely

10   oppose a summary judgment motion[2] may result in the granting of

11   that motion if the movant shifts the burden to the nonmovant to

12   demonstrate that a genuine issue of material fact remains for

13   trial.

14        The Court places a page limit for points and authorities

15   (exclusive of exhibits and other supporting documentation) of

16   twenty (20) pages on all initial moving papers, twenty (20) pages

17   on oppositions, and ten (10) pages for replies.  All requests for

18   page limit increases must be made in writing to the Court setting

19   forth any and all reasons for any increase in page limit at least

20   fourteen (14) days prior to the filing of the motion.

21        For the Court's convenience, citations to Supreme Court

22   cases should include parallel citations to the Supreme Court

23   Reporter.

24        The parties are reminded that a motion in limine is a

25   pretrial procedural device designed to address the admissibility

26   of evidence.  The Court will look with disfavor upon

27   _____

28   [2] The Court urges any party that contemplates bringing a motion for summary
     judgment or who must oppose a motion for summary judgment to review Local Rule
     260.

1  dispositional motions presented at the Final Pretrial Conference

2  or at trial in the guise of motions in limine.

3      The parties are cautioned that failure to raise a

4  dispositive legal issue that could have been tendered to the

5  court by proper pretrial motion prior to the dispositive motion

6  cut-off date may constitute waiver of such issue.

7      VIII.  FINAL PRETRIAL CONFERENCE

8      The Final Pretrial Conference is set for **April 7, 2016**, at

9  **2:00 p.m.**  At least one of the attorneys who will conduct the

10  trial for each of the parties shall attend the Final Pretrial

11  Conference.  If by reason of illness or other unavoidable

12  circumstance a trial attorney is unable to attend, the attorney

13  who attends in place of the trial attorney shall have equal

14  familiarity with the case and equal authorization to make

15  commitments on behalf of the client.

16      Counsel for all parties are to be fully prepared for trial

17  at the time of the Final Pretrial Conference, with no matters

18  remaining to be accomplished except production of witnesses for

19  oral testimony.

20      The parties shall file, not later than **March 31, 2016**, a

21  Joint Final Pretrial Conference Statement.  The provisions of

22  Local Rules 281 shall apply with respect to the matters to be

23  included in the Joint Final Pretrial Conference Statement.  In

24  addition to those subjects listed in Local Rule 281(b), the

25  parties are to provide the Court with a plain, concise statement

26  that identifies every non-discovery motion tendered to the Court

27  and its resolution.  Failure to comply with Local Rule 281, as

28  modified by this Pretrial Scheduling Order, may be grounds for

1    sanctions.

2        At the time of filing the Joint Final Pretrial Conference

3    Statement, counsel shall also electronically mail to the Court in

4    digital format compatible with Microsoft Word, the Joint Final

5    Pretrial Conference Statement in its entirety including the

6    witness and exhibit lists. **These documents shall be sent to:**

7    **tlnorders@caed.uscourts.gov**.

8        The parties should identify first the core undisputed facts

9    relevant to all claims.  The parties should then, in a concise

10   manner, identify those undisputed core facts that are relevant to

11   each claim.  The disputed facts should be identified in the same

12   manner.  Where the parties are unable to agree as to what

13   disputed facts are properly before the Court for trial, they

14   should nevertheless list all disputed facts asserted by each

15   party.  Each disputed fact or undisputed fact should be

16   separately numbered or lettered.

17       Each party shall identify and concisely list each disputed

18   evidentiary issue which will be the subject of a motion in

19   limine.

20       Each party shall identify the points of law which concisely

21   describe the legal issues of the trial which will be discussed in

22   the parties' respective trial briefs.  Points of law should

23   reflect issues derived from the core undisputed and disputed

24   facts.  Parties shall not include argument or authorities with

25   any point of law.

26       The parties shall prepare a joint statement of the case in

27   plain concise language which will be read to the jury at the

28   beginning of the trial.  The purpose of the joint statement is to

7

1  inform the jury what the case is about.

2       The parties are reminded that pursuant to Local Rule 281

3  they are required to list in the Joint Final Pretrial Conference

4  Statement all witnesses and exhibits they propose to offer at

5  trial.  After the name of each witness, each party shall provide

6  a brief statement of the nature of the testimony to be proffered.

7  The parties may file a joint list or each party may file separate

8  lists.  These list(s) shall not be contained in the body of the

9  Joint Final Pretrial Conference Statement itself, but shall be

10 attached as separate documents to be used as addenda to the Final

11 Pretrial Order.

12      Plaintiff's exhibits shall be listed numerically.

13 Defendant's exhibits shall be listed alphabetically.  The parties

14 shall use the standard exhibit stickers provided by the Court

15 Clerk's Office: pink for plaintiff and blue for defendant.  In

16 the event that the alphabet is exhausted, the exhibits shall be

17 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

18 number of letters in parenthesis (i.e., "AAAA(4)") to reduce

19 confusion at trial.  All multi-page exhibits shall be stapled or

20 otherwise fastened together and each page within the exhibit

21 shall be numbered.  All photographs shall be marked individually.

22 The list of exhibits shall not include excerpts of depositions,

23 which may be used to impeach witnesses.  In the event that

24 Plaintiff and Defendant offer the same exhibit during trial, that

25 exhibit shall be referred to by the designation the exhibit is

26 first identified.  The Court cautions the parties to pay

27 attention to this detail so that all concerned, including the

28 jury, will not be confused by one exhibit being identified with

8

1   both a number and a letter.

2       The Final Pretrial Order will contain a stringent standard

3   for the offering at trial of witnesses and exhibits not listed in

4   the Final Pretrial Order, and the parties are cautioned that the

5   standard will be strictly applied.  On the other hand, the

6   listing of exhibits or witnesses that a party does not intend to

7   offer will be viewed as an abuse of the court's processes.

8       The parties also are reminded that pursuant to Rule 16 of

9   the Federal Rules of Civil Procedure it will be their duty at the

10  Final Pretrial Conference to aid the Court in: (a) the

11  formulation and simplification of issues and the elimination of

12  frivolous claims or defenses; (b) the settling of facts that

13  should properly be admitted; and (c) the avoidance of unnecessary

14  proof and cumulative evidence.  Counsel must cooperatively

15  prepare the Joint Final Pretrial Conference Statement and

16  participate in good faith at the Final Pretrial Conference with

17  these aims in mind.  A failure to do so may result in the

18  imposition of sanctions which may include monetary sanctions,

19  orders precluding proof, elimination of claims or defenses, or

20  such other sanctions as the Court deems appropriate.

21       IX.   TRIAL BRIEFS

22       The parties shall file trial briefs not later than fourteen

23  (14) days before trial.  Counsel are directed to Local Rule 285

24  regarding the content of trial briefs.

25       X.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

26       It is the Court's practice to hear motions in limine on the

27  first day of trial.  However, depending on the number and nature

28  of the parties' motions, the need to special set a hearing date

9

1  to hear such motions shall be addressed at the Final Pretrial
2  Conference.

3       XI.   TRIAL SETTING

4       The trial is set for **June 13, 2016, at 9:00 a.m.**  Trial will
5  be by jury.  The panel will consist of **eight (8) jurors**.  The
6  length of trial shall be determined at the Final Pretrial
7  Conference.

8       XII.   <u>SETTLEMENT CONFERENCE</u>

9       At the Final Pretrial Conference, the Court may set a
10 settlement conference if the parties so request.  In the event no
11 settlement conference is requested, the parties are free to
12 continue to mediate or attempt to settle the case with the
13 understanding that the trial date is a firm date.

14      In the event a settlement conference is set by the Court,
15 counsel are instructed to have a principal with full settlement
16 authority present at the Settlement Conference or to be fully
17 authorized to settle the matter on any terms.  At least seven (7)
18 calendar days before the settlement conference, counsel for each
19 party shall submit to the chambers of the settlement judge a
20 confidential Settlement Conference Statement.  Such statements
21 are neither to be filed with the Clerk nor served on opposing
22 counsel.  Each party, however, shall serve notice on all other
23 parties that the statement has been submitted.  If the settlement
24 judge is not the trial judge, the Settlement Conference Statement
25 shall not be disclosed to the trial judge.

26      Notwithstanding the foregoing, the parties may request a
27 settlement conference prior to the Final Pretrial Conference if
28 they feel it would lead to the possible resolution of the case.

1   In the event an early settlement conference date is

2   requested, the parties shall file said request jointly, in

3   writing.  The request must state whether the parties waive

4   disqualification, pursuant to Local Rule 270(b), before a

5   settlement judge can be assigned to the case.  Absent the

6   parties' affirmatively requesting that the assigned Judge or

7   Magistrate Judge participate in the settlement conference AND

8   waiver, pursuant to Local Rule 270(b), a settlement judge will be

9   randomly assigned to the case.

10   XIII. VOLUNTARY DISPUTE RESOLUTION PROGRAM

11   Pursuant to Local Rule 271, parties may stipulate at any

12   stage in the proceedings to refer the action, in whole or in

13   part, to the Voluntary Dispute Resolution Program.

14   XIV.  MODIFICATION OF PRETRIAL SCHEDULING ORDER

15   The parties are reminded that pursuant to Rule 16(b) of the

16   Federal Rules of Civil Procedure, the Pretrial Scheduling Order

17   shall not be modified except by leave of court upon a showing of

18   **good cause.**  Agreement by the parties pursuant to stipulation

19   alone to modify the Pretrial Scheduling Order does not constitute

20   good cause.  Except in extraordinary circumstances,

21   unavailability of witnesses or counsel will not constitute good

22   cause.

23   XV.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

24   This Pretrial Scheduling Order will become final without

25   further order of the Court unless objections are filed within

26   fourteen (14) days of service of this Order.

27   ///

28   ///

11

1        IT IS SO ORDERED.

2   Dated: December 18, 2013

3

4

5

6                                    _____
                                     Troy L. Nunley
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28